# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT

September 17, 2024

*Via ECF*

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Bronx Public Admin. as Admin. of the Estate of Jose Mejia Martinez v. The City of N.Y., et al.*, No. 23 Civ. 4882 (GHW) (OTW)

Dear Judge Wang:

      Our firm represents Plaintiff Bronx County Public Administrator, as Administrator of the Estate of Jose Mejia Martinez, in the above-referenced action. We write to briefly respond to Defendants' September 6, 2024, status report, *see* Dkt. 51, and to respectfully request that the Court order discovery—including the depositions of Defendants Shakea Smith and Jonathan Padilla—to proceed without further delay.

      Defendants Smith's and Padilla's depositions were scheduled for August 14 and 20, 2024, respectively. Two days before Defendant Smith's deposition, both Smith and Padilla informed Plaintiff that they had unilaterally decided to adjourn their depositions because there is an ongoing New York State Office of the Attorney General ("OAG") investigation regarding Mr. Mejia Martinez's death. On August 13, Plaintiff filed a pre-motion letter to compel the depositions. *See* Dkt. 47. On August 22, the Court temporarily stayed discovery until September 6 and directed Defendants to file a letter on that date regarding the status of the ongoing OAG investigation. *See* Dkt. 50. Defendants filed their status report on September 6, which noted that the OAG's investigation "could take 3 months, potentially longer, before its conclusion," and sought a continued stay of Defendants Smith's and Padilla's depositions "until the end of discovery." Dkt. 51 at 1-2.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

      For three reasons, Plaintiff opposes Defendants' request to indefinitely further delay Defendants Smith's and Padilla's depositions. *First*, as detailed in our August 13 letter, *see* Dkt. 47 at 2-3, Smith and Padilla are not entitled to "the extraordinary remedy of a stay" at this juncture because they have not been indicted. *Citibank, N.A. v. Hakim*, No. 92 6233, 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993); *see United States v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 782 F. Supp. 920, 924 (S.D.N.Y. 1992) (*"DCNYC"*) ("[T]he general rule is that civil and criminal proceedings can go forward simultaneously absent special circumstances[.]"). *Second*, because Smith and Padilla have "not been indicted, a stay would mean a potentially indefinite delay of this action." *Gran Sabana Corp. N.V. v. Kossoff*, No. 21 Civ. 3154, 2021 WL 3666116, at *3 (S.D.N.Y. Aug. 17, 2021). As Defendants note, the OAG investigation will take at least three more months, if not longer. Dkt. 51 at 1. OAG has had jurisdiction over this wrongful death investigation for well over *three years*; Plaintiff has little faith that the investigation will be completed promptly. The Court should reject Defendants' attempt to push their depositions—which Smith and Padilla previously agreed to sit for in August 2024—into 2025. *Third*, Smith and Padilla will not be prejudiced by having to testify at a deposition while the OAG investigation is pending. They "are simply faced with the familiar choice of testifying or asserting the fifth amendment privilege." *DCNYC*, 782 F. Supp. at 925. "[T]he choice may be unpleasant" but "it must be faced." *Id.* "The fact that defendants face a potentially unpleasant choice is no reason to stay discovery." *Id.*

      For the foregoing reasons and those provided in Plaintiff's August 13 letter, Plaintiff respectfully requests that the Court order Defendants Smith and Padilla to sit for their depositions without waiting—indefinitely—for the OAG to conclude its long-pending investigation into Mr. Mejia Martinez's death.

      We thank the Court for its consideration of this submission.

                        Respectfully submitted,

                        /s/
                        Katherine Rosenfeld
                        Nick Bourland